# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| Tyrone L. Hendricks | ) | |
| | ) | |
| Plaintiff, | ) | No. 16 C 627 |
| | ) | |
| v. | ) | Judge Virginia M. Kendall |
| | ) | |
| Paul H. Lauber | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

For the following reasons, Plaintiff's Motion for Reconsideration is granted.

## BACKGROUND

Plaintiff Tyrone L. Hendricks filed suit against Defendant Chicago Police Officers alleging violations of his civil rights when Defendants arrested and detained him without probable cause. Defendants moved to dismiss Count IV for malicious prosecution of the Second Amended Complaint on the basis that there is no federal right to be free of prosecution under the Fourth or Fourteenth Amendments. (Dkt. 39.) At the time of Defendant's motion, Plaintiff conceded that there was no action for a federal malicious stemming from the Fourth Amendment but argued that a change in the law may be imminent. (Dkt. 45 at 2.) In the meantime, the Court dismissed the federal malicious prosecution claim. (Dkt. 53.)

On September 28, 2017, Plaintiff filed a Motion to Reconsider under Federal Rule of Civil Procedure 54(b). Plaintiff states that since the Court's order, the Supreme Court has decided that the Fourth Amendment "does indeed contain a right to be free from seizure in the pretrial process before and after the onset of criminal proceedings." *See Manuel v. City of Joliet*, 137 S. Ct. 911 (2017). Plaintiff further argues that there is no prejudice to Defendants because Count III, the state malicious prosecution claim, is the same claim and is still pending in the case. (Dkt. 92 at 3.) In Response, Defendants make two arguments. First, Defendants state that *Manuel* does not establish a federal malicious prosecution claim. (Dkt. 94 at 1–2.) Second, Defendants argue that Plaintiff's Motion is untimely and therefore prejudicial. (*Id.* at 2–3.)

## LEGAL STANDARD

Rule 54(b) provides that non-final orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Thus, the Court has the "discretionary authority" to reconsider an interlocutory order. *Galvan v. Norberg*, 678 F.3d 581, 587 (7th Cir. 2012); *see also Chicago Reg'l Council of Carpenters v. Prate Installations, Inc.*, 2011 WL 2469820, at *1 (N.D. Ill. June 20, 2011) ("under Rule 54(b), the Court may exercise its inherent authority to reconsider its interlocutory orders because the Court may revise such orders at any time before entering final judgment") (*citing Moses H. Cone Mem.*

*Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983)). But a motion to reconsider is not a proper vehicle for rehashing arguments that the Court previously rejected or for introducing new legal theories. *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996); *see, e.g.*, *Janusz v. City of Chicago*, 78 F. Supp. 3d 782, 787 (N.D. Ill. 2015). Instead, motions for reconsideration under Rule 54(b) serve the limited function of correcting manifest errors of law or fact or to presenting newly discovered evidence." *Patrick v. City of Chicago*, 103 F. Supp. 3d 907, 911–12 (N.D. Ill. 2015). A manifest error of law or fact under this standard occurs "when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's arguments, or when the court overreaches by deciding an issue not properly before it." *United States v. Ligas*, 549 F.3d 497, 501–02 (7th Cir. 2008) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). "To be within a mile of being granted, a motion for reconsideration has to give the tribunal to which it is addressed a reason for changing its mind." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004).

## DISCUSSION

The Supreme Court's decision in *Manuel* constitutes a "significant change in the law" since the parties presented the issue in the Motion to Dismiss and saves Plaintiff's federal malicious prosecution claim.

By way of background, the plaintiff in *Manuel* was pulled over for failing to signal a turn; the police then physically assaulted him and arrested him without any evidence that he had committed a crime. 137 S.Ct. at 915. At the police station, a technician fabricated evidence, falsely claiming that a vitamin bottle that had been seized from the plaintiff contained ecstasy. *Id.* A police office then charged the plaintiff with unlawful possession of a controlled substance. *Id.* Later that day, a judge "relied exclusively on the criminal complaint—which in turn relied exclusively on the police department's fabrications—to support a finding of probable cause." *Id.* Then, although the Illinois police laboratory reexamined the seized pills and issued a report concluding that they continued no controlled substance, the plaintiff's detention continued for another month. *Id.* at 916. In its holding, the Supreme Court resolved the issue of whether the plaintiff could bring a Fourth Amendment claim for unlawful pretrial confinement for confinement occurring after the start of "legal process" in a criminal case–that is, "after the judge's determination of probable cause." *Manuel*, 137 S.Ct. at 914. *Manuel* explained that, in some circumstances, an arrestee may state a Fourth Amendment claim "for his (post-legal-process) pretrial detention" where this required probable-cause determination rested entirely on police officers' false statements. *Id.* at 918.

While *Manuel* establishes that prolonged pretrial detention without probable cause violates the Fourth Amendment, the court did not carve out the precise contours of the Fourth Amendment right. As Justice Alito recognized in his dissent, the case did not definitively decide whether a claim for malicious prosecution may be brought under the Fourth Amendment. This issue was among those remanded to the Circuit Court. Justice Alito specifically opined: "Although the Court refuses to decide whether Manuel's claim should be so treated [as a malicious prosecution claim], the answer to that question – the one that the Court actually agreed to review – is straightforward: A malicious prosecution claim cannot be based on the Fourth Amendment[.]" *Id.* at 925. In *Bianchi v. McQueen*, the plaintiffs alleged a Fourth Amendment false arrest claim,

which the Seventh Circuit characterized as a malicious prosecution claim. *Id.* at 322. The court acknowledged that it had not yet recognized such a cause of action but did not exclude the possibility. However, under the facts in *Bianchi*, *Manuel* was not dispositive because there was no pretrial detention and the officers were entitled to qualified immunity. *Id.* at 323.

Plaintiff alleges that, like in *Manuel*, the police officers' statements underlying the probable cause determination were false. Specifically, Plaintiff alleges that the officers lied that they found him publicly urinating in possession of drug paraphernalia and further lied about Plaintiff's alleged failure to register as a sex offender. (Complaint, ¶¶ 16, 17.) Also like in *Manuel*, Plaintiff was detained for an extended period of time prior to his trial based on this false premise underlying the probable cause determination. But perhaps even more egregiously than *Manuel*, here there was no probable cause hearing held at all. Plaintiff was not presented to a magistrate from September 5, 2014 to October 2, 2014. (*Id.* ¶ 19.) Court records show that bond was set at $400,000, but Plaintiff was never brought before a judge on bond. (*Id.* ¶ 20.) Eventually, Plaintiff was acquitted on all three counts. (*Id.* ¶ 21.)

Given that *Manuel* and *Bianchi* have opened the door for Plaintiff's claims, taking the allegations in a light favorable to him, the Complaint states a claim sufficiently similar to the claim in *Manuel* and that therefore the federal malicious prosecution claim may proceed.

Defendants argue that granting the Motion to Reconsider will cause Defendants prejudice due to the untimely nature of the filing. (Dkt. 94.) However, Defendants do not specifically explain how they are prejudiced nor do they point to any analogous cases in which a court has found prejudice under similar circumstances. As Plaintiff points out, the federal claim mirrors the pending state law claim, and therefore there is no prejudice. The Court has extended the dispositive motion briefing schedule, (Dkt. 96), giving Defendants sufficient time to address Count IV.

## **CONCLUSION**

For those reasons, Plaintiff's Motion for Reconsideration is granted [92] vacating the Court's Order [53] and reinstating Count IV for malicious prosecution.

_____
Hon, Virginia M. Kendall
United States District Judge

Date: October 24, 2017