IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TYRONE L. HENDRICKS, | ) | |
| | ) | |
| *Plaintiff*, | ) | No. 16 C 627 |
| | ) | |
| v. | ) | Judge Virginia M. Kendall |
| | ) | |
| PAUL H. LAUBER, et al., | ) | |
| | ) | |
| *Defendants*. | ) | |

**MEMORANDUM OPINION AND ORDER**

Hendricks filed this civil rights action alleging claims of false arrest under 42 U.S.C. § 1983 (Counts I and II), malicious prosecution under state law (Count III), malicious prosecution under 42 U.S.C. § 1983 (Count IV), conspiracy to deny Hendricks his constitutional rights under 42 U.S.C. § 1983 (Count V), and intentional infliction of emotional distress (Count VI) against the Chicago Police Officers Paul Lauber and Michael Rodriguez and Chicago Police Detectives Jacquelin Mok and M. Fuller. (Dkt. 24). On November 21, 2017, Defendants filed a Motion for Summary Judgment on all claims. (Dkt. 104). The Court recruited an attorney to represent Hendricks. The attorney repeatedly failed to respond by the Court-ordered deadline because he has difficulty communicating with his client who did not stay in contact with him. The Court provided counsel with two generous extensions of time to do work with his client and respond. The Court eventually ruled on Defendants' Motion, granting summary judgment in their favor. Hendricks subsequently filed a Motion for Relief from Judgment, requesting that the Court set aside its judgment and consider his Response, a copy of which is attached to his Motion. Although the Court was not required to, the Court reviewed the response. (Dkt. 127). For the following reasons, Hendricks' Motion is denied.

1

## BACKGROUND

**I.       Hendricks' Failure to Respond on Summary Judgment**

Defendants filed their Motion for Summary Judgment on November 21, 2017. (Dkt. 104). Hendricks' Response was due on December 19, 2017. (Dkt. 102) The deadline came and went without any word from Hendricks or his counsel. More than two weeks later, on January 4, 2018, Hendricks' counsel requested an extension of time to file the past-due response, which the Court granted. (Dkt. 109). The Court gave Hendricks another four weeks until January 31, 2018 to file a response. Again, recruited counsel failed to file anything or to notify the Court that he needed additional time to respond. One month later on February 28, 2018, Hendricks' counsel notified the Court for the first time that Hendricks had not been in contact with his client since October 2017. (Dkt. 116).

At a March 14 hearing, defense counsel advised that Hendricks had been booked into Cook County Jail on March 6 and the Court ordered Hendricks' counsel to contact Hendricks and determine whether he wished to proceed with the case. (Dkt. 119). The Court warned that Hendricks' failure to cooperate with his attorney would result in dismissal for want of prosecution. (*Id.*). On April 24, Hendricks' counsel reported that Hendricks wished to proceed with the case and the Court set yet another briefing schedule on the pending summary judgment motion providing Hendricks a *third* chance to respond by May 15, 2018—nearly six months after the motion was initially filed. (Dkt. 123).

Hendricks failed for a third time to file any response whatsoever by the Court-ordered deadline. Defendants timely filed their Reply and the Court proceeded to rule on the Motion.

**II.     Summary Judgment Ruling**

The Court assumes familiarity with the undisputed facts as set forth in its ruling on Defendants' Motion for Summary Judgment (Dkt. 125) but provides them briefly again here. Because Hendricks failed to properly respond to Defendants' Rule 56.1(a) Statement of Uncontested Facts, in violation of the federal and local rules and despite being provided three opportunities over six months to do so, the Court deemed these facts to be admitted.

On September 4, 2014, Officers Lauber and Rodriguez observed Hendricks urinating in an alley, conducted a custodial search of him, discovered a crack pipe on his person, ran a name check for him, and discovered an investigative alert for him for failing to register as a sex offender. (*Id.* at 3–4). The Officers then arrested Hendricks for urinating in a public way, possession of drug paraphernalia, and failure to register as a sex offender. (*Id.*). The Officers signed criminal complaints against Hendricks for the first two offenses and notified the Area North Detective Division with regard to the third. (*Id.* at 4).

Detectives Fuller and Mok of Area North investigated and discovered further evidence that Hendricks was required but failed to register as a sex offender as required under 730 ILCS 150/3. (*Id.* 4–5). Specifically, Hendricks failed to register by July 18, 2014, as instructed by Cook County Jail upon his most recent release in violation of 730 ILCS 150/3(c)(2.5), and failed to register by August 26, 2014, within one year of the date of his last registration in violation of 730 ILCS 150/6. (*Id.*). The Detectives presented the case to an Assistant State's Attorney who approved felony charges against Hendricks and the Detectives signed a criminal complaint against Hendricks for failing to register within the time period prescribed by 730 ICLS 150/3(c). (*Id.* at 5–6). A grand jury indicted Hendricks for failing to register under 730 ILCS 150/3, though under a different provision of 730 ICS 150/3: 730 ILCS 150/3(b), which requires sex offenders to register within

three days of establishing a new residence. (*Id.* at 6). Hendricks was ultimately acquitted of the crime charged when the judge found he had not changed addresses since first registering in August 2013. (*Id.* at 7).

The Court held that the Officers had probable cause to arrest and detain Hendricks for any one of the three offenses for which he was arrested and, therefore, granted summary judgment for Defendants on Hendricks' false arrest, malicious prosecution, and civil rights conspiracy claims (Counts I–V). The Court granted summary judgment on the intentional infliction of emotional distress claim (Count VI) on statute of limitations grounds.

### III. Hendricks' Present Motion

Several weeks after the Court issued its ruling, Hendricks filed the present Motion for Relief from Judgment. (Dkt. 127). The Motion requests that the Court reconsider its Order granting summary judgment pursuant to Federal Rule of Civil Procedure 60, explaining that Hendricks' counsel had training for a new position every day and some weekends from April 6 to May 28, had to prepare for two jury trials scheduled in June, and was unable to meet in person with Hendricks in the Cook County Jail because he was out of town—all of which resulted in his obligation to file a timely response in this matter "falling through the cracks." (*Id.* at ¶¶ 5–7). Hendricks' counsel attaches the long overdue Response to Defendants' Motion for Summary Judgment (*id.* at Ex. A) and Local Rule 56.1(b)(3) Response to Defendants' Joint Statement of Uncontested Facts (*id.* at Ex. B) and requests that the Court consider them in ruling anew on Defendants' Motion. (*Id.* at ¶ 9).

**DISCUSSION**

I.  **Motion for Reconsideration**

Rule 60(b) authorizes a district court to relieve a party from a final judgment, order or proceeding for a number of reasons, including "(1) mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(e)"; (3) fraud; (4) void judgment; (5) satisfied, released or discharged judgment; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is "an extraordinary remedy that is to be granted only in exceptional circumstances." *Willis v. Dart*, 671 F. App'x 376, 377 (7th Cir. 2016) (quotation omitted); *see also Casimir v. Sunrise Fin., Inc.*, 299 F. App'x 591, 593 (7th Cir. 2008). Here, Hendricks seeks relief from the Court's Order granting summary judgment against him on the grounds that his attorney had other obligations that resulted in this Court's deadline for filing a response to Defendants' Motion for Summary Judgment to "fall[] through the cracks." (Dkt. 127 at ¶ 7). Although Hendricks does not identify the specific provision of Rule 60(b) under which his request for relief is brought, the Court finds that only three arguably apply: 60(b)(1), (2) and (6).

Rule 60(b)(1) permits relief from judgment for "excusable neglect." Fed. R. Civ. P. 60(b)(1). Hendricks argues essentially that he should be relieved from the Court's Order because his attorney's failure to comply with this Court's filing deadlines due to a busy schedule and obligations to other clients constitutes excusable neglect. But it is well-settled that "attorney inattentiveness to litigation is not excusable, no matter what the resulting consequences the attorney's somnolent behavior may have on a litigant and regardless of the attorney's degree of culpability." *Longs v. City of S. Bend*, 201 F. App'x 361, 362 (7th Cir. 2006); *see also Moore v.*

5

*Cingular Wireless Corp.*, 207 F. App'x 717, 719 (7th Cir. 2006) (same); *McCormick v. City of Chicago,* 230 F.3d 319, 327 (7th Cir.2000) ("[N]either ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1).").

Here, Hendricks' counsel had notice of Defendant's Motion as early as November 2017. He twice ignored and failed to timely request extensions of the Court's deadlines in December 2017 and January 2018 and then waited yet another month to notify the Court that he had not even been in contact with his client, much less working on the overdue response, since October 2017. Out of concern for counsel's client, the Court provided a third chance to avoid the harsh consequences of failing to respond to summary judgment. Amazingly, Hendricks' counsel failed yet again to file a response, seek an extension, or alert the Court as to any difficulty he was having in complying with its Order. Counsel claims there was "just not enough time" to seek any extension from the Court. (Dkt. 127 at ¶ 7).

The Court recognizes that attorneys regularly face the unenviable task of juggling serious and often time-sensitive obligations to various clients at once. But the Court is also entitled to expect the parties and attorneys before it to comply with its scheduling orders and filing deadlines and to enforce its orders and deadlines when they fail to do so. *See Easley v. Kirmsee*, 382 F.3d 693, 699–700 (7th Cir. 2004) ("The trial judge was entitled to expect Easley and her counsel to comply with his clear and straightforward pretrial scheduling orders and filing deadlines, and when compliance was not forthcoming, the trial judge was empowered to end the litigation by ruling on the merits of the defendants' unopposed motions for summary judgment."). "Excusable neglect" for purposes of Rule 60(b)(1) "requires something more than a simple failure to meet the deadline due to a busy schedule." *Cato v. Thompson*, 118 F. App'x 93, 97 (7th Cir. 2004) (quoting *United States v. Dumas,* 94 F.3d 286, 289 (7th Cir.1996)). This is true even where, as here, the attorney's

failure to timely respond to a summary judgment motion results in final judgment against his client. *See Longs*, 201 F. App'x at 362 (attorney's failure to respond to summary judgment did not constitute "excusable neglect" under 60(b)(1)); *Moore*, 207 F. App'x at 719 (7th Cir. 2006) (attorney's failure to timely submit statements of facts in opposition to summary judgment did not amount to excusable neglect); *see also Casimir*, 299 F. App'x at 593 (*pro se* plaintiff's failure to file response to summary judgment for seven months despite three extensions did not constitute "excusable neglect"). Unfortunately for Hendricks, he is bound by his attorney's neglect. *See Simburger v. Hanover Ins. Co.*, No. 05-2675, 2007 WL 2140558, at *1 (7th Cir. July 26, 2007) ("[I] is well-established that parties to litigation are bound by the acts of their attorneys."); *United States v. 8136 S. Dobson St.,* 125 F.3d 1076, 1084 (7th Cir. 1997) ("[A] client is bound by his chosen agent's deeds, whether it be negligence, gross negligence, or even wilful conduct."). The Court denies the Motion for relief under Rule 60(b)(1).

Rule 60(b)(2) permits relief from a final judgment where a party presents "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). In his Motion, Hendricks asks the Court to consider his untimely proposed Response to Motion for Summary Judgment, Local Rule 56.1(b)(3) Response to Defendants' Statement of Uncontested Facts, and supporting affidavit. (Dkt. 127 at ¶ 9). These materials are not "new" evidence for purposes of Rule 60(b)(2) as they were available to Hendricks before the Court ruled on Defendants' Motion for Summary Judgment. *See Moore*, 207 F. App'x at 719. Therefore, submitting these materials in itself does not entitle Hendricks to relief from judgment. *Id.* (district court was not obligated to review untimely statement of facts and supporting affidavits in opposition to summary judgment as they were available before judgment was entered and not "new" evidence under Rule 60(b)(2)).

7

Hendricks' argument fares no better under Rule 60(b)(6). The Rule 60(b)(6) catch-all provision authorizes relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Though seemingly broad, the standard for relief under this catch-all provision is more demanding than under any other. *See Longs*, 201 F. App'x at 364; *see also Willis*, 671 Fed. App'x at 376 ("In a rule already limited in application to extraordinary circumstances, proper resort to this 'catch all' provision is even more highly circumscribed.") (quoting *Provident Sav. Bank v. Popovich*, 71 F.3d 696, 700 (7th Cir. 1995)). Therefore, Hendricks' request for relief under the stricter "catch-all" provision fails for the same reasons already articulated above: his counsel's failure to comply with the Court-ordered deadlines does not entitle him to relief. The well-settled rule is that "all of the attorney's misconduct (except in the cases where the act is outside the scope of employment or in cases of excusable neglect)"—neither of which applies here—"becomes the problem of the client." *Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc*., 570 F.3d 845, 848 (7th Cir. 2009) (citing *United States v. 7108 West Grand Avenue*, 15 F.3d 632, 634 (7th Cir.1994)). A "lawyer who inexcusably neglects his client's obligations does not present exceptional circumstances." *Id*. (citation omitted) (no abuse of discretion in denying motion for relief under Rule 60(b)(6) based attorney's misconduct). Therefore, "Rule 60(b)(6) is unavailable when attorney negligence or other attorney misconduct is at issue"; "[t]he proper remedy is a malpractice action against the attorney." *Longs*, 201 F. App'x at 364 (citations omitted) (attorney's failure to respond to summary judgment did not justify relief under the more stringent standard of 60(b)(6)); *see also Cato*, 118 F. App'x at 97 (Rule 60(b)(6), "is inapplicable when attorney negligence is at issue and it applies only under "extraordinary circumstances.") (quotations omitted). Because Hendricks' Motion describes no more than inexcusable neglect on the part of his attorney, the Court also denies relief under Rule 60(b)(6).

## II. Response to Summary Judgment

Even if the Court were to vacate its ruling on summary judgment and consider the proposed Response submitted by Hendricks with his Motion, Hendricks would not prevail. In his proposed response, Hendricks makes two arguments: (1) that Defendants waived probable cause and statute of limitations defenses and (2) that a genuine issue of material fact exists as to whether the Officers had probable cause to make the initial arrest. (Dkt. 127). Both would fail.

### A. Waiver of Affirmative Defenses

Hendricks first argues that Defendants waived probable cause and statute of limitations as defenses by raising them for the first time at summary judgment. (Dkt. 127 at 6–7). Hendricks correctly observes that Rule 8(c) required Defendants to state any affirmative defense in their Answer to the Complaint. Fed. R. Civ. P. 8(c). While generally the failure to plead an affirmative defense results in waiver of that defense, this rule "is not to be applied rigidly." *Matthews v. Wisconsin Energy Corp.*, 642 F.3d 565, 570 (7th Cir. 2011). Rather, failure to plead an affirmative defense results in waiver "only if the plaintiff is harmed by the defendant's delay in asserting it." *Id.* (quoting *Carter v. United States*, 333 F.3d 791, 796 (7th Cir. 2003)); *see also Curtis v. Timberlake*, 436 F.3d 709, 711 (7th Cir. 2005) ("[D]elay in asserting an affirmative defense waives the defense only if the plaintiff was harmed as a result."). Raising an affirmative defense for the first time at summary judgment causes no harm to plaintiff so long as he is provided an opportunity to respond. *See Curtis*, 436 F.3d at 726 (no abuse of discretion in permitting defendants to raise affirmative defense for the first time at summary judgment where plaintiff had opportunity to confront the defense when responding to motion for summary judgment).

Here, Hendricks had an opportunity to confront the affirmative defenses in a response to Defendants' Motion for Summary Judgment, he simply failed to do so. Accordingly, the Court

finds no waiver. *See, e.g., Glob. Tech. & Trading, Inc. v. Satyam Computer Servs. Ltd.*, No. 09 C 5111, 2014 WL 4057374, at *3 (N.D. Ill. Aug. 14, 2014), *aff'd sub nom. Glob. Tech. & Trading, Inc. v. Tech Mahindra Ltd.*, 789 F.3d 730 (7th Cir. 2015) (no waiver of affirmative defense raised for first time in opening summary judgment brief where defendants had opportunity to respond); *Neuma, Inc. v. Wells Fargo & Co.*, 515 F. Supp. 2d 825, 851 (N.D. Ill. 2006) (no waiver of statute of limitations defense asserted for the first time in motion for summary judgment where plaintiff "had ample time to respond"). Additionally, Hendricks would be hard-pressed to argue he had no notice of a probable cause defense to his § 1983 claims as Defendants denied all allegations that they lacked probable cause to arrest in their Answer to the Second Amended Complaint. (*See* Dkt. 40 at ¶¶ 13, 26, 39, 49, 57); *see also, e.g., Garofalo v. Vill. of Hazel Crest*, 754 F.3d 428, 437 (7th Cir. 2014) (no waiver of affirmative defense raised in initial summary judgment brief where argument was "obvious through the case" and plaintiff had opportunity to challenge the defense in its own summary judgment submissions).

Indeed, the fact that Defendants addressed probable cause through the denials asserted in their Answer raises the question of whether they were required to also list probable cause among its affirmative defenses under Rule 8(c) in the first place. *See, e.g., Coglianese v. Vill. of Melrose Park*, No. 98 C 6954, 1999 WL 89565, at *1 (N.D. Ill. Feb. 16, 1999) ("In this instance both Complaint ¶ 15 and Complaint ¶ 37 allege a total absence of probable cause for defendants' actions—and with defendants having put that in issue by denying each of those paragraphs, they cannot advance them under Rule 8(c)."); *Hatcher v. Blanc*, No. 93 C 521, 1993 WL 169679, at *1 (N.D. Ill. May 14, 1993) ("[B]ecause probable cause has already been placed in issue by defendants' denials set out in [their Answer], it is not a proper affirmative defense under Rule 8(c)."); *see also, e.g., Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 736 (N.D. Ill. 1982)

(acknowledging that parties sometimes plead matters as affirmative defenses that could have been set forth in simple denials). Of course, it ultimately does not matter here because there was no waiver.

B. **Genuine Issue of Material Fact**

In its summary judgment Order, the Court found that the Officers had probable cause to arrest and detain Hendricks for three offenses: urinating on a public way, possession of drug paraphernalia and failure to register as a sex offender. (Dkt. 125 at 10). Hendricks now denies the following facts set forth in Defendants' Rule 56.1(a) Statement of Uncontested Facts, citing to his own affidavit for support: (1) that Officer Lauber saw him urinating on the wall of a building (Dkt. 127, Ex. B. at ¶ 13); (2) that the Officers found a crack pipe in his left hoodie pocket (*id.* at ¶ 21); and (3) that the Officers asked for valid proof of identification to complete the citation. (*Id.* at ¶¶ 17–18). A reasonable jury could believe Hendricks' version of these facts over that of the Officers; therefore, a court could find after considering Hendricks' submission that genuine issue of material fact exists as to whether the Officers saw Hendricks urinating on the wall or found a crack pipe on his person or asked for valid identification. But the Officers would still be entitled to judgment as a matter of law because, as the Court explained in its Order, they need only to establish probable cause to *one* offense to defeat the false arrest claim and none of the facts disputed by Hendricks defeats probable cause to arrest for failure to register as a sex offender. *See* Dkt. 125 at 12 ("An arrest for one offense is still valid provided probable cause exists as to any other offense, for example, failure to register annually." (citing *Devenpeck v. Alford*, 543U.S. 146, 153 (2004) ("[An officer's] subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause.")).

11

In his proposed Reponses to Defendants' Statement of Uncontested Facts, Hendricks denies that Officer Lauber ever performed a name check or learned he had an active investigative alert for failing to register as a sex offender (Dkt. 127, Ex. B. at ¶ 22) but without any "specific references to the affidavits, parts of the record, and other supporting materials relied upon" as required by Local Rule 56.1. L.R. 56.1; *see also* Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by [] citing to particular parts of materials in the record."). Therefore, the denial carries no weight, this fact remains undisputed for purposes of summary judgment, and the Court's previous finding that the investigative alert provided probable cause for the initial arrest stands. *See* Fed. R. Civ. P. 56(e)(2) (If the nonmoving party "fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for the purposes of the motion."); *see also, e.g., Coldwate v. Alcatel-Lucent USA, Inc.*, No. 10-CV-4918, 2012 WL 5077718, at *1, n.1 (N.D. Ill. Oct. 18, 2012) ("All denials not supported by competent evidence in the record . . . are ineffectual and deemed to be admissions."). The Court's other rulings are also unchanged: probable cause also defeats Hendricks' malicious prosecution and conspiracy claims and the intentional infliction of emotional distress claim still fails on statute of limitations grounds. Therefore, Hendricks' proposed summary judgment submissions would not result in a different outcome even if considered.

## CONCLUSION

For the reasons stated above, the Court denies Hendricks' Motion for Relief from Judgment (Dkt. 127).

_____
Hon. Virginia M. Kendall
United States District Judge

Date: January 15, 2019